THE FLORIDA NATIONAL BANK OF JACKSONVILLE, as Trustee, etc., *et al., v.* JEFFERSON STANDARD LIFE INSURANCE COMPANY.

169 So. 729.

Opinion Filed October 5, 1936.

*J. W. Harrell* and *W. P. Dineen,* for Appellants;
*Rogers, Hazard & Thames,* for Appellee.

PER CURIAM.—This case was decided adverse to appellee by an opinion filed March 30, 1936. An original petition

for rehearing was denied. After that an extraordinary pe-
tition for rehearing was denied. So this case is now before
us on an extraordinary petition for rehearing upon which
this Court, by special permission and order, allowed full
oral argument before the Court sitting *en banc,* in view of
the importance of the legal propositions insisted upon in
support of the petition.

The gist of this Court's decision already rendered is that
in view of the special covenants of the mortgage deed of
trust heretofore discussed in this Court's opinion, no suit
*to foreclose* the mortgage can be maintained by minority
bond or coupon holders, absent compliance with the special
terms and conditions of the mortgage vesting the right *to
foreclose* the mortgage solely in the trustee, except on the
specific conditions to the contrary giving that right to bond
holders in certain contingencies.

The covenants of the mortgage involved in this case limit
the right *cf foreclosure only,* not the right of a bond or
coupon holder to seek any other appropriate legal or equi-
table relief that the holder of even a single bond or coupon
of the whole issue may require for his protection, or be en-
titled to pursue for the realization of his claim.

The validity of reasonable provisions in mortgage trust
deeds limiting the right of foreclosure by bondholders by
placing the right of action solely in a designated trustee to
enforce the security for the benefit of all holders, except
upon stated conditions operating otherwise, is generally ac-
knowledged. 2 Jones on Bonds and Bond Securities, par.
816, page 289, *et seq.;* par. 923, page 394, *et seq.*

A thorough restudy of the authorities cited to the Court
at the oral argument, and in the briefs submitted in support
of the present extraordinary petition for a rehearing, has
failed to convince us that we have done other than follow
the prevailing law on the subject discussed in our opinion

of March 30, 1936. Therefore, that opinion is now adhered to and the extraordinary petition for rehearing again denied.

WHITFIELD, C. J., and ELLIS, TERRELL, BUFORD and DAVIS, J. J., concur.

BROWN, J., dissents.